UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

JENNIFER YOUNG,

    Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,
INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER YOUNG, sues Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and alleges:

## GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b). The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a resident and citizen of the state of Texas. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff.

3. Defendant is a Panamanian corporation which is licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

4. On about February 10, 2013, Plaintiff was a fare-paying passenger aboard the CARNIVAL *Triumph*.

5. Defendant owned and/or operated the CARNIVAL *Triumph* on the aforesaid date.

1

6. On or about the aforesaid date, Defendant permitted or allowed a hazardous condition to remain aboard the CARNIVAL *Triumph* which was reasonably likely and foreseeable to create a risk of harm to passengers and Plaintiff. Specifically, Defendant knew or should have known under the use of or ordinary, reasonable care that CARNIVAL *Triumph* was likely to experience mechanical and/or engine problems at any time and because of the design and maintenance of the systems, knew or should have known that the vessel would lose all power as a result of such an occurrence.

7. CARNIVAL *Triumph* had experienced problems with its propulsion systems on a cruise in January, 2013, and on a subsequent cruise several weeks later, the CARNIVAL *Triumph* suffered an incident whereby the vessel's propulsion and generator systems were damaged. Furthermore, upon information and belief, Defendant had scheduled CARNIVAL *Triumph* to go to dry dock prior to the subject cruise, which commenced February 27, 2013, but had cancelled due to last minute change orders, unrelated to the problems with the engines or the propulsion systems or generators, thus placing passengers on the instant voyage at an unreasonable risk of harm.

8. In addition, Defendant knew or should have known under the exercise of ordinary, reasonable care, that Defendant had no contingency plans available to care for the Plaintiff in a safe and humane manner, in the event that the vessel lost power in the manner that actually occurred.

9. On or about February 10, 2013, CARNIVAL *Triumph* was at sea and on its way back to her home port in Galveston, Texas when the engine room caught fire, disabling the ship, and shutting down her power and generators.

10. As a result of the engine room fire, the ship lost all power in order to provide necessary functions to its passengers and Plaintiff, such as refrigeration for food, climate control, waste disposal, and plumbing. The fire also left the ship adrift and unable to maneuver.

11. Defendant made a conscious and deliberate decision not to abandon ship and/or disembark Plaintiff by means of lifeboats or tenders after it became known to Defendant that the vessel was without power, sanitation, plumbing, refrigeration or adequate supplies of food and water.  Instead, Defendant chose to keep the Plaintiff aboard the stricken liner for over four days in inhumane, dangerous, squalid and unsanitary conditions, with inadequate security and lack of crowd control while CARNIVAL *Triumph* was slowly towed, not to her home port of Galveston, Texas, but rather to the shipyard in Mobile, Alabama where repairs could be performed on the ship.

## **COUNT I - NEGLIGENCE**

12. Plaintiff reavers and realleges Paragraphs one through eleven as if set forth fully herein.

13. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

14. Notwithstanding said duty, Defendant breached same by:

    a)      Failing to maintain the engine room on the CARNIVAL *Triumph* in a reasonably safe condition, and/or;

    b)      Failing to warn Plaintiff of the dangers of sailing on the CARNIVAL *Triumph*, and/or;

    c)      Failing to maintain the propulsion system on the CARNIVAL *Triumph* in a reasonably safe condition, and/or;

    d)      Failing to institute procedures for disembarking Plaintiff from the CARNIVAL *Triumph* after the vessel became disabled due to a fire in the engine room, and/or;

    e)      Delaying calling for tug boats until after the vessel had drifted 150 miles to the north of Progresso, Mexico to tow CARNIVAL *Triumph* to where Plaintiff could have been disembarked in a timelier fashion, and/or;

    f)      Failing to have proper procedures for providing adequate sanitation and food to Plaintiff after the plumbing, climate control and refrigeration systems became inoperable

3

after a fire in the engine room, and/or;

g) Failing to train its employees in handling crowd control and maintaining even the basic human standards of cleanliness and waste disposal after a fire in the engine room rendered all refrigeration, plumbing and waste disposal systems in operable, and/or;

h) Allowing filthy, noxious, unhealthy and unsanitary conditions to exist on the ship after a fire in the engine room disabled the refrigeration, plumbing and waste disposal systems on the ship, and/or;

i) Wrongfully confining Plaintiff aboard the vessel for five days due solely for financial reasons, when the Plaintiff could have been disembarked from the ship and taken back to her home port of Galveston, Texas immediately after the vessel had become disabled, and/or;

j) Wrongfully caused Plaintiff to suffer a reasonable fear of physical injury and bodily harm from riot, fire, unsanitary conditions, noxious odors, human waste, dehydration and disease due to the inhumane conditions it allowed to exist on the ship for four days, and/or;

k) Failing to provide Plaintiff, who had an interior cabin, with a flashlight to use even though it knew from prior litigation that passengers may be injured when ships lose power and there is no lighting available in an inside cabin, which Plaintiff, JENNIFER YOUNG, had booked ( see *Marcella Cummins v. Carnival Corp*.), Dade Circuit Case No. 00-27951 CA 04).

l) Failing to properly and safely design the engine room, fire systems and generators on CARNIVAL *Triumph* so the ship would not lose all propulsion and all power following a fire in the engine room, and/or;

m) Allowing passengers to build makeshift "tent cities" on open decks with mattresses where they smoked cigarettes creating a fire hazard, and/or defecated in

4

public which caused Plaintiff to fear for her health and personal safety, and/or;

n.) Failing to have sufficient back-up generators to maintain refrigeration, plumbing, waste disposal and climate control after a fire in the engine room.

15. Plaintiff became dehydrated and suffered a urinary tract infection and an upper respiratory tract infection. She developed headaches. She also suffered a loss of her ability to enjoy the pursuits of her daily living, and incurred medical expense. Plaintiff has suffered severe emotional distress with physical manifestations including nightmares since the cruise.

16. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.

17. In the alternative, or in addition thereto, Defendant does not need notice of a dangerous condition because Defendant created the conditions about which Plaintiff complains.

18. In the alternative, or in addition thereto, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

19. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured. She suffered physical injuries as well as extreme emotional distress from being placed in fear and risk of death and physical injury and bodily harm as a direct and proximate result of the squalid conditions she was forced to endure, the lack of security and crowd control, and the other inhumane conditions through which she suffered during her ordeal. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and severe emotional distress and anguish therefrom; incurred medical expense and physical handicap, and a loss of the

ability to enjoy life; lost the enjoyment of her cruise, and an aggravation of known and/or unknown physical conditions.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

**WHEREFORE,** Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands a trial by jury.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff reavers and realleges Paragraphs one through eleven, and fourteen (f), (g), (h), (j), (m) as if set forth fully herein.

21. Although Defendant did make a feeble attempt to resupply CARNIVAL *Triumph* with some food and water from a sister ship CARNIVAL *Legend*, the foodstuffs consisted of bar items and snacks, and were not distributed or controlled by the crew of CARNIVAL *Triumph* resulting in hoarding by some passengers.

22. In addition, Defendant knew or should have known under the exercise of ordinary, reasonable care, that Defendant had no contingency plans available to care for Plaintiffs in a safe and humane manner, in the event that the vessel lost power in the manner that actually occurred.

23. On or about February 10, 2013, CARNIVAL *Triumph* was at sea and on its way back to her home port in Galveston, Texas, when the engine room caught fire, disabling the ship, and shutting down her power and generators.

24. As a result of the engine room fire, the ship lost all power in order to provide necessary functions to its passengers and Plaintiffs such refrigeration for food, climate control, waste disposal and plumbing.  The fire also left the ship adrift and unable to maneuver.

25. Defendant made a conscious and deliberate decision not to abandon ship and/or disembark Plaintiffs by means of lifeboats or tenders after it became known to Defendant

that the vessel was without power, sanitation, plumbing, refrigeration or adequate supplies for food and water. Instead, Defendant chose to keep the Plaintiff aboard the stricken liner for over four days in inhumane, dangerous, squalid, unsanitary conditions, with inadequate security and lack of crowd control while CARNIVAL *Triumph* was slowly towed, not to her home port of Galveston, Texas, but rather to the shipyard in Mobile, Alabama where repairs could be performed on the ship.

26. Defendant's decision not to disembark the Plaintiffs from CARNIVAL *Triumph* when it could have and should have and exposing Plaintiffs to over four days of the worst living conditions imaginable was shocking and exceeded the bounds of all human decency. Defendant's decision constituted false imprisonment of Plaintiffs, as they were kept aboard against their will and their freedom of movement was restrained.

27. As a result of the intentional infliction of emotional distress and conduct that amounted to a false imprisonment of Plaintiffs by Defendant, as aforesaid, the Plaintiffs suffered severe emotional distress and mental anguish, were injured in and about their body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, and a loss of the ability to enjoy life; lost the enjoyment of her cruise, and an aggravation of known and/or unknown physical conditions. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for compensatory and punitive damages and costs and pre-judgment interest. Jury Trial is demanded.

## COUNT III - FALSE IMPRISONMENT

28. Plaintiff reavers and realleges Paragraphs one through eleven and fourteen (f), (g), (h), (j) and (m) as if set forth fully herein.

29. Following a fire in the engine room on CARNIVAL *Triumph*, the vessel became disabled, and unable to maneuver or propel itself or provide plumbing, sanitation or refrigeration to Plaintiffs.

30. Defendant made a conscious, deliberate and willful decision to confine Plaintiff to the vessel against her will following the aforesaid engine room fire and loss of power and propulsion aboard CARNIVAL *Triumph*.

31. There is no provision in the Plaintiff's passenger ticket, which would allow Defendant to confine Plaintiff on board the vessel after the cruise was supposed to have ended in the most squalid, filthy, unsanitary and inhumane conditions imaginable.

32. Furthermore, Defendant should have offered Plaintiff the choice of disembarking at sea through the use of lifeboats and tenders or by some other means that Defendant could have arranged for had its actions not been motivated solely by protecting the "bottom line" and its shareholder dividends.

33. In addition, Defendant knew at the time this was occurring that it had insufficient security personnel to maintain any semblance of order or crowd control. Passengers created make-shift "tent cities" on the open deck where they smoked and created fire hazards. Food was distributed unevenly with some passengers even hoarding foodstuffs.  Defendant did not bring additional security to the vessel to maintain order and reassure Plaintiff's well-founded fears for her own personal    safety and well-being.

34. Plaintiff did not consent to being held aboard CARNIVAL *Triumph* for over four days in these conditions and Defendant's decision to do so was unlawful and wrong.  The decision to keep Plaintiff confined on the vessel until she was towed to Mobile Alabama was motivated by financial reasons.

35. As a result of the false imprisonment of Plaintiff by Defendant, as aforesaid, the Plaintiff suffered severe emotional distress and mental anguish, were injured in and about their

8

body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, and a loss of the ability to enjoy life; lost the enjoyment of her cruise, and an aggravation of known and/or unknown physical conditions. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiffs demands judgment from Defendant for compensatory and punitive damages and costs and pre-judgment interest. Jury trial is demanded.

DATED: June 5, 2013.

Respectfully submitted,

HOFFMAN LAW FIRM
2881 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040
pmh@paulmhoffmanlaw.com

By: _____
PAUL M. HOFFMAN, ESQ.
Florida Bar No: 279897